IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| JAMES SULLIVAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | No. 05-2406 DV |
| | ) | |
| BOYD GAMING CORPORATION | ) | |
| d/b/a SAM'S TOWN CASINO TUNICA, | ) | |
| WILLIAM ANDERSON, individually and | ) | |
| in his capacity as Sam's Town Employee, | ) | |
| PAT HAWKINS, individually and in his | ) | |
| capacity as a Mississippi Gaming Official, | ) | |
| and FAYE PERKINS, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING DEFENDANT PAT HAWKINS'S MOTIONS TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

Defendant, Pat Hawkins ("Hawkins"), asks this court to dismiss the complaint of James Sullivan ("Plaintiff") which alleges Hawkins's liability against Plaintiff for civil rights violations pursuant to 42 U.S.C. § 1983, malicious prosecution, abuse of process, false arrest, intentional infliction of emotional distress, negligent infliction of emotional distress, and negligence. Hawkins avers that dismissal is warranted under Fed. R. Civ. P. 12(b)(2) because this court cannot exercise personal jurisdiction over Hawkins in this case and, further, that dismissal is appropriate under Fed. R. Civ. P. 12(b)(3) because venue is improper. Failing dismissal of Plaintiff's complaint, Hawkins requests that the instant action be transferred pursuant to this court's discretion to do so under 28



U.S.C. § 1404(a). For the reasons articulated below, Plaintiff's cause of action is DISMISSED.

## I. Background Facts

Plaintiff is a resident of Memphis, Tennessee and has lived there during the entire course of events giving rise to the instant action. (Compl. at 1). Hawkins is a lifelong resident of Mississippi and has lived for the last six years in Tunica County, Mississippi. (Def.'s Mot. Dismiss, Ex. 4 ¶ 2). While the occurrences spawning Plaintiff's causes of action were occurring, Hawkins served—as he does today—as a criminal investigator with the Mississippi Gaming Commission. (Compl. ¶ 8).

Plaintiff worked as a card dealer at Sam's Town Casino ("Sam's Town") in Tunica County, Mississippi from July 1997 until his termination on March 6, 2002. (Compl. ¶ 10). During the period of his employment, Plaintiff, an African-American, allegedly lodged several formal and informal complaints with Sam's Town's management for what he perceived as inadequate workplace diversity, insensitivity toward African-American employees and customers, and unfair labor practices and procedures. (Compl. ¶ 11–12). Plaintiff contends that Sam's Town's management responded by initiating increased surveillance of his actions on the casino floor in hopes of detecting a State gaming code violation that would supply grounds for Plaintiff's termination.[1] (Compl. ¶ 13–14). Agents of Sam's Town's parent company, Defendant Boyd Gaming Corporation ("Boyd") allegedly made false reports of infractions to the Mississippi Gaming Commission in January of 2001 and February of 2002. (Compl. ¶ 18, 20). Neither incident ultimately led to any criminal

---

[1] Plaintiff claims that the employment policy in place at the time Plaintiff worked at Sam's Town mandated that an employee who had been suspended from work three times could be terminated. (Compl. ¶ 16). Plaintiff had allegedly already been suspended from work twice when he was terminated on March 6, 2002. (Compl. ¶ 17).

2

charges being brought against Plaintiff. (Compl. ¶ 22).

On February 27, 2002, Hawkins allegedly conducted an undercover investigation of Plaintiff, presumably at the behest of Defendant William Anderson, a video surveillance supervisor at Sam's Town and members of Sam's Town's management. (Compl. ¶ 7, 23). Plaintiff contends that Defendant Faye Perkins ("Perkins"), a video-surveillance employee at Harrah's Casino, acting in concert with Hawkins and employees of Boyd, feigned unfamiliarity with the rules of blackjack, thereby inviting assistance from Plaintiff. (Compl. ¶ 29). Boyd is said to have subsequently accused Plaintiff of "card-counting" and prompting Perkins on when to increase or decrease her bets, in contravention of Miss. Code Ann. § 75-76-301. (Compl. ¶ 25). Plaintiff claims to have had no incentive to break the gaming laws because he was not a friend or acquaintance of Perkins and because he could not have profited from providing her illegal assistance given the tip-sharing procedures in place among Sam's Town dealers and the amount of money Perkins allegedly lost that evening. (Compl. ¶ 26–28, 31). Boyd suspended Plaintiff from work and, ultimately, terminated him. (Compl. ¶ 24).

Plaintiff alleges that Hawkins and others "did in fact fabricate and report false, inaccurate and/or incomplete allegations to the Tunica County District Attorney's Office" regarding their observations on February 27, 2002, (Compl. ¶ 52), and further, that they "failed to disclose relevant and exculpatory evidence to the Tunica County District Attorney's Office." (Compl. ¶ 56). After the Tunica County, Mississippi Sheriff's Department obtained a warrant for his arrest on a criminal charge for violation of Mississippi gaming law, Plaintiff surrendered to local authorities in Mississippi on November 27, 2002. (Compl. ¶ 35). For some unknown reason, the authorities responsible for notifying Tennessee officials that Plaintiff had surrendered did not do so, and the

3

Shelby County, Tennessee Fugitive Squad re-arrested Plaintiff at his home in Memphis in the presence of his minor son. (Compl. ¶ 36). A criminal trial did not ensue until October 8, 2004, whereupon a jury acquitted Plaintiff of the charged gaming violation. (Compl. ¶ 37). Plaintiff alleges that, in the interim period between his arrests and acquittal, the pending felony charge caused him to be fired from employment with Bally's Casino and to lose his security clearance with the Federal Correctional Institution, through which he had been an instructor at Southwest Community College in Memphis. (Compl. ¶ 38).

Plaintiff filed a complaint against Hawkins and others with this court on June 2, 2005, alleging a civil rights violation under 42 U.S.C. § 1983, malicious prosecution, abuse of process, false arrest, intentional infliction of emotional distress, negligent infliction of emotional distress, and negligence. (Compl. at 2). On July 25, 2005, Hawkins filed motions to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2), and for improper venue pursuant to Fed. R. Civ. P. 12(b)(3). In the alternative, Hawkins asked this court to transfer Plaintiff's action to the United States District Court for the Northern District of Mississippi, Delta Division, pursuant to 28 U.S.C. § 1404(a).

## II.    Personal Jurisdiction

Fed. R. Civ. P.12(b)(2) authorizes a defendant to make a motion to dismiss based upon the traditional defense that the court lacks jurisdiction over the defendant's person. 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1351, at 239 (2d ed. 1990). In cases before a federal court based on diversity jurisdiction, an inquiry into the court's personal jurisdiction is both a statutory and a constitutional question. Int'l Techs. Consultants, Inc. v. Euroglas S.A., 107 F.3d 386, 391 (6th Cir. 1997). The statutory question arises because a federal court must apply the

4

law of the state in which it sits when determining whether personal jurisdiction over a defendant exists. Reynolds v. Int'l Amateur Athletic Fed'n, 23 F.3d 1110, 1115 (6th Cir. 1994). A federal court presiding over a case before it on diversity jurisdiction "may not exercise jurisdiction over a defendant unless courts of the forum state would be authorized to do so by state law." Int'l Techs. Consultants, Inc., 107 F.3d at 391. The constitutional question arises from the fact that this statutory grant of jurisdiction must comport with the requirements of the Fourteenth Amendment's Due Process Clause. CompuServe, Inc. v. Patterson, 89 F.3d 1257, 1262 (6th Cir. 1996).

For the State of Tennessee, the statutory and constitutional inquiries into personal jurisdiction are essentially the same question. This result obtains because Tennessee's long-arm statutes grant its courts of record the power to exercise personal jurisdiction over a defendant on "[a]ny basis not inconsistent with the constitution of this state or the United States." Tenn. Code Ann. § 20-2-214. Thus, Tennessee courts and federal courts sitting in Tennessee may exercise personal jurisdiction over a defendant to the fullest extent allowed by the Constitution. See Third Nat'l Bank in Nashville v. WEDGE Group, Inc., 882 F.2d 1087, 1089 (6th Cir. 1989).

The seminal case concerning the constitutional requirements for personal jurisdiction is *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945). In *International Shoe*, the Supreme Court ruled that "due process requires only that in order to subject a defendant to a judgment *in personam*, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" Int'l Shoe Co., 326 U.S. at 316 (citations omitted). In determining whether these constitutional requirements of personal jurisdiction over a defendant have been met, courts have recognized two types of personal jurisdiction: "general jurisdiction" and "specific jurisdiction." See Third Nat'l

5

Bank, 882 F.2d at 1089. For a court to have general jurisdiction, a defendant's contacts with the state must be continuous and systematic. Id. This type of contact with the forum state allows the court to exercise jurisdiction over the defendant even if the case is unrelated to defendant's contacts with the state. Id. A court exercises specific jurisdiction over a defendant where the suit arises out of or is related to the defendant's contacts with the forum state. Id.

Personal jurisdiction determinations are based on the specific facts of each case. See American Greetings Corp. v. Cohn, 839 F.2d 1164, 1169 (6th Cir. 1988). The court must evaluate the nature of the plaintiff's claims and the nature of the defendant's contacts with the state. In the face of a defendant's challenge to the court's personal jurisdiction, the plaintiff bears the burden of establishing that such jurisdiction exists. Southern Sys., Inc. v. Torrid Oven Ltd., 58 F.Supp.2d 843, 846 (W.D. Tenn. 1999) (citing American Greetings Corp., 839 F.2d at 1168). If the district court does not conduct an evidentiary hearing on the question of personal jurisdiction, the plaintiff must only establish a prima facie case that personal jurisdiction over the defendant exists. Id. This burden is relatively slight, but the plaintiff must demonstrate facts which support a finding of jurisdiction. Id. (citing American Greeting Corp, 839 F.2d at 1169).

Plaintiff has failed to demonstrate that courts in Tennessee may exercise specific jurisdiction over Anderson. The U.S. Court of Appeals for the Sixth Circuit has established a three-part test to determine whether, under the particular circumstances of each case, an out-of-state defendant may be subjected to specific jurisdiction:

> (1) the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state; (2) the cause of action must arise from the defendant's activities there; and (3) the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant

6

reasonable.

Youn v. Track, Inc., 324 F.3d 409, 418 (6th Cir. 2002) (quoting Southern Machine Co. V. Mohasco Industries, Inc., 401 F.2d 374, 381 (6th Cir. 1968)). Specific jurisdiction lies only where each of the three criteria is independently satisfied. See City of Monroe Employees Retirement Sys. v. Bridgestone Corp., 399 F.3d 651, 665 (6th Cir. 2005).

A defendant purposefully avails itself of the forum when that defendant has pursued activity that should provide "fair warning" that it may be subject to a lawsuit there. Youn, 324 F.3d at 418. Purposeful availment does not require that the defendant have ever been physically present in the forum. Neal v. Janssen, 270 F.3d 328, 333 (6th Cir. 2001). An act of the defendant, no matter how isolated, that is directed toward the forum and that gives rise to a cause of action will support the exercise of specific jurisdiction in conformity with due process. See id. The requirement that the cause of action "arise from the defendant's activities" in the forum is satisfied when the "plaintiff's claim has a substantial relation to the defendant's in-state activities." Youn, 324 F.3d at 419 (citing Third Nat'l Bank in Nashville v. WEDGE Group, Inc., 882 F.2d 1087, 1091 n. 2 (internal quotations omitted)). Courts assess whether or not the connection between "the acts of the defendant or consequences caused by the defendant" and the forum are substantial enough "to make the exercise of jurisdiction over the defendant reasonable" by balancing three factors: (1) "the burden on the defendant;" (2) "the interests of the forum State;" and (3) "the plaintiff's interest in obtaining relief." Id. A finding of reasonableness is rarely withheld when the first two prongs of the test for specific jurisdiction are satisfied. Theunissen v. Matthews, 935 F.2d 1454, 1461 (6th Cir. 1991).

Plaintiff analogizes the instant case to this court's decision in *Sharlow v. Cendant Car Rental Group, Inc.*, No. 04-2445 MA/V, 2005 WL 1201140 (W.D.Tenn. May 19, 2005), to support his

argument that specific jurisdiction is available. (Pl.'s Mem. Supp. Pl.'s Resp. Def.'s Mot. Dismiss at 4–6). In that case, the defendants, operators of a car rental enterprise in Virginia, sought a warrant and pressed charges in Virginia against the plaintiff, who had dropped the vehicle she had rented from the defendants at an affiliated car rental business in Tennessee. Sharlow, 2005 WL 1201140, at *1. At the time the defendants lodged a criminal complaint against the plaintiff in Virginia, they were aware that the plaintiff and the vehicle were located in Tennessee. Id. The court found that the defendants had "purposefully employed Tennessee's law enforcement on their own behalf" by effecting "the intended consequence of [their] decision to press charges in Virginia," that is, the plaintiff's arrest in Tennessee. Id. at *3.

Plaintiff's reliance on *Sharlow* is misplaced. Here, Plaintiff claims that Hawkins "'purposefully availed' himself [of the privileges of conducting activity in Tennessee]" by "causing severe consequences in [Tennessee]." (Pl.'s Mem. Supp. Pl.'s Resp. Def.'s Mot. Dismiss at 5). That allegation does not rise to the level of what occurred in *Sharlow*, however. In that case, the defendants *purposefully* directed conduct at Tennessee when they engaged in out-of-state activity *intended* to have an effect in the forum. When they pressed charges with Virginia authorities, the *Sharlow* defendants knew exactly where the person and property they sought would be found: Tennessee. Here, the essence of Plaintiff's complaint is that Hawkins, acting in concert with other Mississippi defendants, "set up" Plaintiff in order to have him charged with a gaming violation, thereby establishing a basis for firing him. See (Complaint ¶ 14). Hawkins's "intended consequence" was that Plaintiff would be arrested, not that Plaintiff would be arrested *in Tennessee*. That Anderson knew or should have known that Plaintiff resided in Tennessee does not imply that he *purposefully* made use of Tennessee law enforcement. To hold that specific jurisdiction may be

8

exercised because Plaintiff happened to have been arrested in his state of residence, and then only because of an apparent gaffe by Mississippi law enforcement, would be at odds with established precedent in this jurisdiction. See Youn v. Track, Inc., 324 F.3d 409, 417 (6th Cir. 2003) ("Random, fortuitous, or attenuated activity is not a constitutionally adequate basis for jurisdiction." (citing Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 774 (1984)) (internal quotations omitted)). Similarly, Plaintiff cannot point to his loss of employment in Tennessee as a basis for jurisdiction. It has not been shown that Hawkins cared one way or another whether or not Plaintiff would lose his teaching job; Plaintiff only charges that Hawkins carried out an investigation that, according to Plaintiff, he was insufficiently knowledgeable to conduct. See (Complaint ¶ 23). That Hawkins's zeal and alleged ignorance of the rules of blackjack may have caused him to engage in conduct that resulted in injury to Plaintiff in Tennessee does not demonstrate that the conduct was *purposefully* directed at Tennessee. Plaintiff cannot point to any activity by Hawkins that was directed toward Tennessee out of which his claims could have arisen. There is no need to consider the reasonableness of the exercise of specific jurisdiction, then, since this failure by Plaintiff renders such exercise unavailable.

Plaintiff has raised no arguments in support of a claim for general jurisdiction over Hawkins. Since personal jurisdiction of the specific variety is unavailable, *supra*, Plaintiff's failure to make a case for general jurisdiction necessarily obliges the Court to GRANT Anderson's motion to dismiss for lack of personal jurisdiction.

**IV.   Conclusion**

Since courts in Tennessee may not exercise jurisdiction in this matter over the person of Defendant, William Anderson, there is no need to consider the propriety of Plaintiff's choice of

9

venue or the factors weighing for or against a transfer of venue to the Northern District of Mississippi, Delta Division. For the foregoing reasons, Plaintiff's cause of action is DISMISSED.

IT IS SO ORDERED this 13th day of December 2005.

BERNICE BOUIE DONALD
UNITED STATES DISTRICT JUDGE

10

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 72 in case 2:05-CV-02406 was distributed by fax, mail, or direct printing on December 14, 2005 to the parties listed.

---

Melanie N. Beckham
WATKINS LUDLAM WINTER & STENNIS PA
6897 Crumpler Blvd.
Ste. 100
Olive Branch, MS 38654

Faye Perkins
P.O. Box 732
Tunica, MS 38676

Deanne Brodrick Saltzman
MISSISSIPPI ATTORNEY GENERAL
Gaming Control Division
P.O. Box 220
Jackson, MS 39205

Nicholas Hunter Manley
WATKINS LUDLAM WINTER & STENNIS PA
6897 Crumpler Blvd.
Ste. 100
Olive Branch, MS 38654

James Robert Nowlin
MORTON & GERMANY
200 Jefferson Ave.
Ste. 725
Memphis, TN 38103

Craig V. Morton
MORTON & GERMANY
200 Jefferson Ave.
Ste. 725
Memphis, TN 38103

Billy C. Campbell
BASKIN MCCARROLL MCCASKILL & CAMPBELL, P.A.
P.O. Box 190
Southaven, MS 38672

Peyton S. Irby
WATKINS LUDLAM WINTER & STENNIS, P.A.
633 N. State St.
Jackson, MS 38205--042

Honorable Bernice Donald
US DISTRICT COURT